WILLIAM G. LE CONEY, RESPONDENT, v. CHRISTOPHER KOCH, APPELLANT.

Argued February 10, 1926—Decided May 17, 1926.

1. On appeal from, or error to, the Supreme Court, sitting as a court of review, the only proper ground of appeal or assignment of error in this court is that the Supreme Court erred in giving judgment as it did.
2. Error may be assigned upon the record only and not upon the reasoning in the opinion of the court below.
3. Grounds of appeal and assignments of error must be specific.

---

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 761.

For the appellant, *James Mercer Davis.*

For the respondent, *V. Claude Palmer.*

PER CURIAM.

The case originated in the Burlington Circuit and was brought to the Supreme Court on appeal, and that court affirmed a judgment for plaintiff, partly for lack of an adequate exception in the trial court. 3 *N. J. Mis. R.* 761. In this court appellant argues that in this respect the Supreme Court erred, and undertakes to point

out the exception relied on as supporting a review on the merits. We do not feel called upon to deal with this phase of the case, and principally for the reason that there is no general assignment charging that the Supreme Court erred in giving its judgment of affirmance, which is the only proper assignment in such a case as this. *Diamond Mills Paper Co.* v. *Ice Co.,* 95 *N. J. L.* 540; *Kleinert* v. *Hutchinson,* 98 *Id.* 831; *Thompson* v. *East Orange,* 94 *Id.* 106; *State* v. *Belkota,* 95 *Id.* 416. The same cases hold that a mere repetition of the assignments or grounds of appeal in the Supreme Court, or the addition here of further grounds attacking the action of the trial court, will not be considered by us.

Two additional grounds are assigned here, which relate to matters contained in the *per curiam* of the Supreme Court. These are also without legal efficacy. *Ruckman* v. *Demarest,* 32 *N. J. L.* 528; *McCarty* v. *West Hoboken,* 93 *Id.* 247; *Burhans* v. *Paterson,* 99 *Id.* 490.

For another reason, the meritorious question is not properly before us. There was an offer to prove, as stated in the Supreme Court *per curiam,* which was overruled, and the Supreme Court correctly said that no exception to that action was taken. The same point was involved, however, in two questions put by defendant's counsel and overruled, and exceptions to those rulings were entered; but as to these there is no specific ground of appeal, as there should be, to support the exception. *Valenti* v. *Blessington,* 96 *N. J. L.* 498; *Burgess* v. *Noteboon,* 100 *N. J. L.* 116. There should be no difficulty in following form 37 annexed to the rules of the Supreme Court (see 2 *N. J. Mis. R.* 1299), and to the Practice act of 1912 (*Pamph. L., pp.* 415, 416), but this was not done.

No error being adequately assigned, the judgment will be affirmed.

*For affirmance*—PARKER, KALISCH, BLACK, KATZENBACH, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 9.

*For reversal*—None.